**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | |
|---|---|
| **In re:** <br><br> **NICOLE L. MAZURKIEWICZ,** <br><br> Debtor | **Chapter 13 Bankruptcy** <br><br> **Bankruptcy No. 18-13344 REF** |
| **NICOLE L. MAZURKIEWICZ,** <br><br> Plaintiff <br><br> v. <br><br> **ONEMAIN FINANCIAL SERVICES, INC.,** <br><br> Defendant | **Adversary Proceeding No.** |

**COMPLAINT SEEKING TO DETERMINE THE EXTENT AND VALIDITY OF SECURED STATUS OF CREDITOR UNDER 11 U.S.C. § 502, 506**

Debtor and Plaintiff, Nicole L. Mazurkiewicz, by and through her counsel, George M. Lutz, Esquire and Hartman, Valeriano, Magovern & Lutz, P.C., hereby file this Complaint Seeking to Determine the Extent and Validity of Secured Status of Creditor Under 11 U.S.C. § 502, 506, and in support thereof set forth as follows:

**PARTIES**

1. Plaintiff, Nicole L. Mazurkiewicz, is the Debtor in the above-captioned Chapter 13 proceeding.

2. Defendant is OneMain Financial Services, Inc., a corporation doing business in the Commonwealth of Pennsylvania.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as a proceeding arising under the Bankruptcy Code.

4. The matters set forth in this Complaint are core proceedings and may be heard by a Bankruptcy Judge pursuant to 28 U.S.C. Section 157(b)(2)(A) and (K).

5. This is an action brought under those provisions of the Bankruptcy Code, 11 U.S.C. § 502(b) and 506(a)(d), allowing the Plaintiffs to determine the extent and validity of a certain lien allegedly held by OneMain Financial Services, Inc. against the Plaintiff's 2002 Honda Accord EX automobile ("Automobile").

6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409.

**COMPLAINT**

7. The Plaintiff owes the Defendant the sum of $5,894.01 (the "Loan").

8. The Loan is secured by a security interest in the Automobile.

9. Defendant filed a Proof of Claim in the amount $5,894.01 on July 12, 2018. A true and correct copy of Proof of Claim No. 3 is attached hereto and incorporated herein as Exhibit "A".

10. Plaintiff believes and therefore avers that the Automobile has a fair market value of $2,381.25, and that the security interest of Defendant is largely unsecured and should be reduced to $2,381.25.

11. The Plaintiff believes and therefore avers that the contract interest rate to be charged the Plaintiff is excessive and unreasonable and exceeds what is necessary to provide Defendant the secured value of its claim and should be reduced to six percent (6%).

12. The Automobile's fair market value of $2,381.25 amortized over the 60 month term of the Chapter 13 Plan, at an interest rate of 6% per annum, requires total payments in the amount of $2,762.00. Accordingly, the Defendant is entitled to receive total payments in the amount of $2,762.00 through the Chapter 13 Plan on account of its secured interest in the Automobile.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to:

1. Determine that the fair market value of the Automobile as of the Petition Date is $2,381.25;

2. Determine that the interest to be charged to Plaintiff should be reduced to six percent (6%);

3. Determine that upon payment of the sum of $2,762.00 through the Chapter 13 Plan, the Defendant's lien on the Automobile will be released;

4. Determine that he Defendant shall have an allowed unsecured claim for the balance of its provable claim.

Date: October 9, 2018                    Respectfully submitted,

**Hartman, Valeriano, Magovern & Lutz, P.C.**

**By:**    */s/ George M. Lutz, Esquire*

George M. Lutz, Esquire
Attorney I.D. No. 46437
1100 Berkshire Blvd., Suite 301
Wyomissing, PA 19610
Ph.: 610-779-0772; Fax: 610-779-7473
Email: glutz@hvmllaw.com
Attorneys for Debtor/Plaintiff