United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Nicole L. Mazurkiewicz  
    Debtor

Case No. 18-13344-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: ChrissyW     Page 1 of 1     Date Rcvd: Nov 04, 2019  
                    Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 06, 2019.  
db         +Nicole L. Mazurkiewicz,   634 North 25th Street,   Reading, PA 19606-1426

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                   TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 06, 2019                                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 4, 2019 at the address(es) listed below:

        FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
        GEORGE M. LUTZ    on behalf of Debtor Nicole L. Mazurkiewicz glutz@hvmllaw.com, amerkey@hvmllaw.com;r49419@notify.bestcase.com  
        GEORGE M. LUTZ    on behalf of Plaintiff Nicole L. Mazurkiewicz glutz@hvmllaw.com, amerkey@hvmllaw.com;r49419@notify.bestcase.com  
        JEROME B. BLANK    on behalf of Creditor    U.S. Bank National Assocation paeb@fedphe.com  
        MARIO J. HANYON    on behalf of Creditor    U.S. Bank National Assocation paeb@fedphe.com  
        REBECCA ANN SOLARZ    on behalf of Creditor    Deutsche Bank National Trust Company as Trustee, et al bkgroup@kmllawgroup.com  
        REBECCA ANN SOLARZ    on behalf of Creditor    Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4 bkgroup@kmllawgroup.com  
        SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,   ecf_frpa@trustee13.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com, ECF_FRPA@Trustee13.com

                                                                                                 TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nicole L. Mazurkiewicz<br>Debtor | CHAPTER 13 |
| Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4<br>Movant<br>vs. | NO. 18-13344 AMC |
| Nicole L. Mazurkiewicz<br>Debtor | 11 U.S.C. Sections 362 and 1301 |
| Jeffery D. Mazurkiewicz<br>Co-Debtor | |
| Scott F. Waterman Esq.<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,386.18,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2019 to August 2019 at $694.26/month<br>September 2019 to October 2019 at $693.14/month |
| Suspense Balance: | $388.62 |
| **Total Post-Petition Arrears** | **$2,386.18** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$2,386.18.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$2,386.18** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $693.14 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 21, 2019        By: /s/ Rebecca A. Solarz, Esquire
                              Attorney for Movant

Date: October 29, 2019        _____
                              George M. Lutz, Esquire
                              Attorney for Debtors

Date: 10/29/19                _____ for
                              Scott F. Waterman, Esquire
                              Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

**Date: November 4, 2019**

_____
Bankruptcy Judge
Ashely M. Chan